Theodore Velsor, J.
This is a proceeding under article 78 of the Civil Practice Law and Buies in which petitioner seeks an order directing the Clerk of the County of Nassau to accept for filing, and to record nunc pro tunc, as of September 1, 1961, a declaration of intention to preserve restrictions on the use of land, pursuant to section 345 of the Beal Property Law.
In 1897 petitioner’s father conveyed to the Great Neck and Port Washington Bailroad Company (now the Long Island Bail Boad Company) a strip of land in the Town of North Hempstead, County of Queens (now Nassau County) 66 feet in width, said strip of land extending 33 feet on each side of the center line of the right of way of the grantee. A restriction in the deed limited use of the premises “ for the purpose of the right of way and property of the Bailroad about to be constructed,” and specified that upon abandonment of the operation of the railroad after construction and operation, title thereupon reverted to the grantor, his heirs and assigns. The deed was dated 1897 and recorded in 1899. Petitioner is the sole residuary legatee and remaining heir of the grantor who died in 1941.
The Long Island Bail Boad Company was made a party respondent to the proceeding by stipulation which the court approves.
Section 345 of the Beal Property Law (L. 1958, ch. 865, eff. Sept. 1, 1958), with enumerated exceptions, extinguishes and renders unenforcible a condition subsequent, a special limitation on the use of land and a right of entry or possibility of reverter. The section also provides that if the condition has been broken or the reverter has occurred, the right of re-entry therefor shall become unenforcible and the possessory estate resulting from the occurrence of the reverter shall be extinguished unless a declaration of intention to preserve the restriction and renewal declarations are recorded as provided in the section. Benewal declarations are required to be filed after the expiration of 9 years and before the expiration of 10 years from the date the declaration or next previous renewal declaration became effective.
*911 The section states it is applicable without regard to infancy, incompetency or other disability, or knowledge of its existence, of the owner of the interest and their successors. It is also provided (subd. 7) that the section shall apply without regard to a judicial determination of the existence or the continued validity of the reverter with limited exceptions. The statute exempts the United States, the State of New York, and their governmental subdivisions and agencies, and exempts some persons in limited instances.
Petitioner claims he was aware of the requirements of the statute prior to the filing date and instructed his attorney to prepare and file the notice, but that his attorney did not attend to the matter, and the omission was not brought to his attention until recent date.
Absolutely no provision is made for late filing. Indeed even one’s lack of knowledge of the existence of his ownership of such a right or his infancy, incompetency or other disability are specifically ruled out as justification for noncompliance. It is therefore abundantly clear that the legislative intent was to make filing mandatory unless specifically excepted.
Since this application seeks relief from the petitioner’s default under the statute, and the statute rules out granting the relief sought, the application will be denied. This denial is without prejudice to such other action or proceeding as petitioner may be advised to maintain.
The petition is dismissed, without costs.